In the Matter of the Accounting of NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Trustee under the Will of MORRIS BLOOMBERG, Deceased. LAWRENCE BLOOMBERG, Appellant; BERNICE B. COLE, as Executrix of MORRIS BLOOMBERG, Deceased, Respondent.

Third Department, July 3, 1958.

*Morton M. Z. Lynn* for appellant.

*Francis H. Trombly* for respondent.

REYNOLDS, J. This is an appeal from a decree of the Surrogate of Albany County settling the final account of the bank as trustee under paragraph " Second " of the will of Morris Bloomberg, who died January 12, 1926. The appeal attacks that part

of the decree construing paragraph "Third" of the same will. The pertinent portions of this will read as follows:

"Second. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal and where-ever situate to the NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, IN TRUST NEVERTHE-LESS, to invest and reinvest the same and to pay the income and profit therefrom to my wife IDA BLOOMBERG during the term of her natural life or until she shall re-marry.

"Third. Upon the death or re-marriage of said wife, that then and in that event I direct such rest, residue and remainder of my estate to be divided among my children, as follows: Three fourths thereof to my son, MYER BLOOMBERG, and the other one-fourth to be divided among my children, LIBBIE JUSTER, REBECCA TANOFF, LAWRENCE BLOOMBERG and RUTH BLOOMBERG share and share alike."

Myer Bloomberg died testate November 14, 1947 and respondent Bernice Bloomberg Cole has been and still is acting as executrix of his estate. Ida Bloomberg, the life beneficiary of the trust under paragraph "Second" of the above will, died, without ever having remarried, on July 13, 1957.

In separate decisions the Surrogate (1) refused to allow appellant a chance to present extrinsic evidence in order to ascertain the testator's intention, and (2) held that it was not necessary for Myer Bloomberg to survive the life tenant in order to take his remainder.

We recognize that the modern tendency is to admit freely extrinsic evidence " ' relevant to any legitimate question arising in the interpretation of writings and admissible under the general rules of evidence ' " (*Matter of Smith*, 254 N. Y. 283, 289). Nevertheless, in this case, we feel the Surrogate was correct in refusing the offer of proof. There is no real ambiguity in the words used by the testator. The plain words of the will do not require survival. There is no gift over in case of failure to survive nor are there any alternative or supplanting limitations. The intended takers are named, and failure of the gift to Myer would result in partial intestacy. In short, there is not only an absence of "constructional factors" *favoring* the requirement of survival, but there are several factors present which courts commonly rely on in finding *no* requirement of survival (2 Powell on Real Property, pars. 327–331). Whether the remainder to Myer is vested or not is immaterial to this question of the requirement of survival (2 Powell on Real Property, par. 326, n. 2). The so-called "divide and pay over" rule which the appellant seeks to invoke has no application here (*Matter of*

*Ablett,* 3 N Y 2d 261; *Matter of Sweazey,* 2 A D 2d 292). For the reasons we have given above to support the Surrogate's decision to deny proof of extrinsic circumstances, we also affirm his decision that there is no requirement of survival. The two questions are closely intertwined. There is no call for extrinsic facts if there is no ambiguity in the language, and there is no ambiguity in the language if the rules of construction clearly dictate that there is no requirement of survival in this will.

The decree should be affirmed.

BERGAN, J. P., GIBSON and HERLIHY, JJ., concur.

Decree affirmed, with costs to respondent payable out of the estate.